UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NATHANIEL WARD,

                    Plaintiff,                              Case No. 1:15-cv-295

v.                                                          Honorable Janet T. Neff

WILLIAM C. MARIETTI et al.,

                    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983, Rule 60(b)(6) of the Federal Rules of Civil Procedure, Regulation Z of the Truth in Lending Act, and state law.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed.

## Factual Allegations

Plaintiff Nathaniel Ward is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC).  Defendants are William C. Marietti, a circuit judge in the City

of Muskegon, and Nancy A. Waters, the Muskegon County Clerk.

Plaintiff alleges that "there is no instrument or certified copies of the judgment and the corresponding finding of fact and conclusion of law" in the criminal case on which his imprisonment is based.[1] (Compl., docket #1, Page ID#2.)  In addition, the judgment issued in the case does not have a "signed finding of fact and conclusion of law, and the signature was placed in such a way to render it invalid[.]" (*Id.*)  Plaintiff also contends that when a criminal case is set for trial, the judge is required by Michigan law to make a "proper return," but no return was ever filed in his case. (*Id.* at Page ID#4.)  Plaintiff asserts that he submitted a request to Defendant Waters for certified copies of the judgment and the "corresponding finding of fact and conclusion of law." (*Id.* at Page ID#5.)  He also submitted a request to Defendant Marietti for "an acknowledgment that he understand[s] that he [has] perjured his oath of office and [is] committing constructive treason against the Constitution of the United States of America, the State of Michigan, and the American Peace Flag." (*Id.*)  Plaintiff also requested that Defendant Marietti produce a copy of Defendant's oath of office, the "contract" in which Plaintiff agreed to give up his constitutional rights, and Defendant's "bond number" and "bonding company." (*Id.*)  Apparently, Plaintiff did not receive the documents or information he requested.

Plaintiff asserts that the documents requested show that the state court lacked jurisdiction to convict him, that the criminal judgment against him is invalid, and that he is entitled to immediate release from prison.  Plaintiff asserts that Defendants are liable because they would

---

[1] According to Plaintiff's MDOC profile, he pleaded nolo contendere in 2008 to a charge of possessing weapons as a prisoner, Mich. Comp. Laws § 800.283(4), for which he was sentenced to a prison term of 2 to 30 years by the Muskegon County Circuit Court. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=240660 (visited Apr. 8, 2015).  At the time of the offense, he was serving sentences for five narcotics-related convictions, the longest of which is a 38 month to 20 year sentence for the delivery/manufacture of cocaine, entered on September 28, 2007. *Id.*

not allow him to "discharge" his criminal liability.  (*Id.* at Page ID#10.)  Plaintiff asserts that his liability has become a "taxable charge" on Defendants, and that Defendants have violated "Regulation 'Z' of the Truth and Lending Act," which provides for a right to cancel a commercial transaction within 72 hours.  (*Id.*)

As relief, Plaintiff seeks an injunction requiring that Plaintiff be returned to "his family and attorney" because he is "past his original out date," as well as a declaratory judgment and damages.  (*Id.* at Page ID#12.)

## Discussion

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## A.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

At the outset, the Court notes that Plaintiff seeks relief which is not available in this action.  Plaintiff claims that he is entitled to release from prison, and he requests an injunction that would require his release.  Moreover, his claim for damages is ostensibly premised on the fact that Defendants are preventing him from obtaining release. A challenge to the fact or duration of a prisoner's confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  The Court declines to construe Plaintiff's action as a petition for habeas relief.  *See Moore v. Pemberton*, 110

F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) differing defendants, (2) differing standards of § 1915(a)(3) and § 2253(c), (3) differing fee requirements, and (4) potential application of rule regarding second or successive petitions).

In addition, Plaintiff's allegations do not state a viable § 1983 claim.  Plaintiff sues Defendants because they allegedly failed or refused to provide certain documents or information, including a certified copy of the judgment and finding of facts and conclusions of law in his criminal proceedings, Judge Marietti's oath of office, an acknowledgment that Judge Marietti violated his oath and committed treason, Judge Marietti's "bond number" and "bonding company," and a copy of the "contract" in which Plaintiff waived his constitutional rights.  Plaintiff does not explain how Defendants' failure to comply with these requests violated his constitutional rights.  Even assuming that the foregoing documents exist, Plaintiff does not have a constitutional right to obtain them.

Moreover, Defendants are not liable under § 1983 for merely failing to respond to his requests.  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).  Plaintiff has not alleged that Defendants actively engaged in any unconstitutional behavior.  Thus, he does not state a § 1983 claim against them.

## B.  Regulation Z

Plaintiff asserts that Defendants violated Regulation Z, 12 C.F.R. 226.1 *et seq.*, which implements the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*  Specifically, Plaintiff contends that Regulation Z provides a right to cancel a commercial transaction within 72 hours after

notice "of the amount involved, the interest rate charged, the payment schedule and any default." (Compl., docket #1, Page ID#10.)  This claim is plainly meritless, as Plaintiff does not allege any facts indicating that he was involved in a commercial transaction with Defendants, let alone a transaction that would be governed by the TILA.

### C.  Rule 60(b)(6)

Plaintiff asserts that his complaint is based, in part, on Rule 60(b)(6) of the Federal Rules of Civil Procedure.  Rule 60 does not limit a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding."  Fed. R. Civ. P. 60(d)(1).  The elements of an independent action are as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *Barrett v.  Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262 (6th Cir. 1987)).  Such an action is not available for ordinary legal error, but only to prevent a grave miscarriage of justice.  *Mitchell*, 651 F.3d at 595 (citing *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  Here, Plaintiff ostensibly seeks relief from the criminal judgment against him.  However, he has not alleged circumstances indicating a "grave miscarriage of justice," let alone the elements of an independent action, including a good defense to the judgment, as well as fraud, accident or a mistake which prevented him from obtaining the benefit of his defense.

For the foregoing reasons, therefore, Plaintiff's federal claims must be dismissed.

II.      Supplemental Jurisdiction

Plaintiff contends that he brings a tort claim against Defendants under state law. Assuming that he states a claim under state law, the Court declines to exercise supplemental jurisdiction over such a claim.  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Id*.  Dismissal, however, remains "purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The state-law claim will be dismissed pursuant to 28 U.S.C. § 1367(c)(3) because the Court declines to exercise supplemental jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

- 7 -

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  April 20, 2015                    /s/ Janet T. Neff
                                          Janet T. Neff
                                          United States District Judge